# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE BATTLE, | : |
|     Plaintiff, | : |
|   v. | :Civil Action No. 01-2213 (JR) |
| | : |
| NORMAN Y. MINETA, | : |
| Secretary of Transportation, | : |
|     Defendant. | : |

### MEMORANDUM IN SUPPORT OF MOTION TO REOPEN AND REINSTATE

Mr. Lawrence Battle, by way of counsel has moved to reopen and reinstate the captioned case per Fed.R.Civ.P. 60 (b). For cause Mr. Battle states that documents detailing accommodations provided Ms. Patricia Myers constitute "newly discovered evidence" and are dispositive of the issues raised at the complaint.

### OVERVIEW

The single issue of the case brought by Mr. Battle was that his employer, the Federal Aviation Administration, Department of Transportation as a matter of practice and policy discriminated against its minority employees when it came to accommodating them for work related injuries.

For over two (2) years Mr. Battle has attempted through the Rules to compel the defendant to provide relevant and material evidence it maintained that would prove his case. For over two (2) years, the defendant has resisted. The chronology of discovery requests is as follows:

| | Discovery Issue Tactics | Docket # |
|---|---|---|
| 1. | 06/25/2003 – Discovery served on Defendant. | |
| 2. | 07/21/2003 – Defendant's motion for extension of time. | |

3. 08/26/2003 – Case referred to mediation discovery discussed[1]

4. 02/13/2004 – Plaintiff moved for Discovery Sanctions.

5. 02/17/2004 – Defendant motion to continue for Discovery.

6. 02/19/2004 – Court Denied Motion for Sanctions. Set trial date.

7. 05/21/2004 – Defendant motion to continue trial date.

8. 05/24/2004 – Plaintiff motion for sanction for failure to produce.

9. 05/27/2004 – Order Granting Defendant motion to compel.

      Granting Motion to continue trial date.

      Denying Plaintiff motion for sanctions.

10. 05/28/2004 – Plaintiff Motion for Sanctions for failure to admit.

11. 06/01/2004 – Plaintiff Motion for Sanctions for failure to answer Int.

12. 06/03/2004 – Status Conference.

      Court Ordered Defendant to produce personnel

      records to plaintiff by 07/09/04.

13. 07/09/2004 – Defendant failed to produce records.

      Filed motion for extension of time to produce..

14. 09/07/2004 – Defendant Motion for Extension of time to file Sum J.

15. 09/23/2004 – Order granting Motion for Extension to time.

16. 09/23/2004 – Defendant Second Motion for Extension of Time

      to file Motion for Summary Judgment.

17. 09/30/2004 – Defendant Third Motion for Extension of Time

---

[1] Defendant negotiated in bad faith to settle the dispute but asked plaintiff to suspend discovery request during mediation. Mediation lasted off an on from 08/26/2003 to 02/13/2004.

                to file Motion for Summary Judgment.

18.    09/30/2004 – Plaintiffs Opposition.

19.    09/30/2004 – Defendant Fourth Motion for Extension of Time

                to file Motion for Summary Judgment.

20.    10/07/2004 – Order granting Defendant Motion to Extend Time.

21.    10/19/2004 – Plaintiff Motion for Sanctions for Discovery Abuse.

The record shows and the court found that the plaintiff had originally requested forty-four (44) personnel files. Per agreement of the parties, this number was reduced to four (4). Ms. Patricia Myers was one of the four requested.

Despite the refusal of the Defendant to provide dispositive records admittedly under its control, the court DENIED Mr. Battle's motion for sanctions. At its Order granting summary judgment for the defendant, the court concluded despite the history of the defendants' failure to respond to discovery, delays, and refusal to produce, that the defendant had demonstrated "good faith" in its efforts.

After an alleged diligent search, the defendant reported that two of the records could not be located although these individuals were retired under disability and were drawing retirement pay. The two records that were produced were sanitized and contained no evidence of accommodations provided by the FAA during the course of employment for their respective disability. During this entire series of events, the parties were negotiating to resolve the issues in dispute. Mr. Battle accuses the Defendant of "bad faith" in their efforts to locate and produce the information requested.

Blacks Law Dictionary defines "Bad Faith" as a "willful rendering of imperfect performance." See p. 135, Seventh Edition.

The Court of Appeals for the District of Columbia has held that "[p]retrial discovery is intended to operate via the parties' voluntary cooperation with a minimum of judicial oversight, and consequently, it is vulnerable to parties who choose to employ obstructive tactics in bad faith. The subversion of the discovery process by such means seriously harms the administration of justice. When discovery abuses come to the attention of the judge, the judge has a *duty* to take proportionate and effective countermeasures. (emphasis added). For that purpose, Super. Ct. Civ. R. 37 permits the trial court to select from a range of sanctions, including the award of attorney's fees and expenses, the preclusion of claims or defenses, and the dismissal of an action or the entry of a judgment of default." Jung v. Jung, 791 A.2d 46 (DC, 2002) citing Perry v. Sera, 623 A.2d 1210, 1218 (D.C. 1993).

"In deciding to impose discovery sanctions, the motions judge found that this case was "marked by . . . extreme tardiness in providing even incomplete discovery responses coupled with plaintiff's refusal to comply with court ordered discovery obligations." The judge noted that . . . [ ] exacerbated this pattern of obstruction by her "habit of filing frivolous motions for protective orders the day after responses were due, or the day after a deposition was scheduled." Id.

Mr. Battle submits that at a minimum a showing of good faith would have compelled the defendant, if unable to locate the agreed upon filed, to produce "any" four f the forty-four (44) files originally identified. However, the defendant did not do so because to produce any of the files would have resulted in the same outcome now before the court upon review of the Patricia Myers' file. The defendant failed to do produce and that failure is "bad faith." As noted at the Discovery Tactics above, the defendant conduct parallels that addressed by the litigant at Jung and sanctions are appropriate.

**New Evidence**

Evidence of bad faith is also supported in the belated production of the information on Patricia Myers. A reading of Ms. Myers' documents, see Tabs A-L, support Mr. Battle's allegations that the FAA by way of practice and policy accommodated non-minority employees with disabilities similarly situated to Mr. Battle, while adamantly refusing to accommodate him. The fact that the defendant failed to timely produce the record of Ms. Patricia Myers is demonstrative of bad faith.

Mr. Battle asks this Honorable Court to reopen his case, reinstate the same to the active docket, and sua sponte reconsider Mr. Battle's motion for summary judgment.

Respectfully submitted,

/s/_____
E. Scott Frison, Jr., Esq.
Bar No. 478092
2465 Alabama Ave., SE
Washington, DC 20020
202-678-8100 (fax)
240-398-9293 (phone)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on ____ day of _____, 200__ I did cause to be electronically filed a copy of the plaintiff's motion to reopen and reinstate and did cause the same to be mailed via first class mail to:

Oliver McDaniel
Assistant Attorney General
U.S. Attorney's Office for the District of Columbia
Civil Division, 10th Floor
555 Fourth Street, NW
Washington, DC 20001
202-616-0739

/s/_____
E. Scott Frison, Jr., Esq.